PETRONA PAGÁN, Plaintiff and Appellant, *v.* F. FRESNO & Co. and JOSÉ FUENTES VALLE, Defendants and Appellees.

No. 3947. Argued February 11, 1927.—Decided April 5, 1927.

*Fernando Gallardo* for the appellant. *González Fagundo & González Jr.* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The facts in the present case are more or less similar to those in the case of *Lebrón* v. *Fresno & Co. et al., ante,* page 483. It is an action of intervention arising out of the action of debt brought by F. Fresno & Co., Ltd., against José Fuentes Valle, in which an attachment was levied on a property, among others, alleged to belong to intervenor Petrona Pagán. The action of intervention was brought in the Municipal Court of Humacao. Judgment was rendered for the intervenor and the defendant firm appealed to the District Court of Humacao which held that it had no jurisdiction because the complaint did not state the value of the property claimed. From that ruling the intervenor took the present appeal. After the record was sent up the appellee moved to dismiss because it did not appear either from the complaint or from the judgment that the value of the property in litigation exceeded $300.

The motion was overruled on July 9, 1926, on the same grounds as those in the case of *Lebrón* v. *F. Fresno & Co., Ltd., et al.,* 35 P.R.R. 640.

However, the fact must be considered that the appellant assigns another error on the part of the trial court in that it did not render judgment on the pleadings.

Appellant relies on the fact that the complaint was verified and that the answer did not deny specifically the second allegation setting up, among other things, that the plaintiff is the owner of the property in litigation. However, the second allegation only states the essential fact that the intervenor is the owner of the property. All of the other matters arise from the same fact, such as the date of the execution of the deed of sale and a description of the property. The answer was verified and the emphatic denial made by the

appellees of the essential fact alleged complies with the statute. This assignment is without merit, but for the other reasons which refer to the question of jurisdiction the judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.